# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ALEAH WILSON**                                                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:24-cv-446-BJB**

**ABOUND CREDIT UNION**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Aleah Wilson filed this unusual breach-of-contract case without the assistance of a lawyer. Because this *pro se* Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).

### I. STATEMENT OF CLAIMS

Plaintiff initiated this case by filing a document titled "Bill in Equity" (DN 1).[1] That document describes this Court's jurisdiction as having been "granted" by Plaintiff. Plaintiff states that she is a former citizen of Kentucky who recently relocated to Georgia; that Defendant Abound Credit Union has its principal place of business in Kentucky; and that the amount in controversy exceeds $34,000. DN 1-1, PageID #: 1. Plaintiff indicates on the Civil Case Cover Sheet that this is a breach-of-contract case. *Id*. at PageID #: 7.

Plaintiff alleges that she has "exhausted" an unidentified "administrative remedy," which is "*res judicata*," and that the "administrative remedy is ripe for judicial review." DN 1, PageID

---

[1] Despite the title of the initiating document in this case, only "one form of action" exists: "the civil action." Fed. R. Civ. P. 2.; *see, e.g., Adamo v. Romero*, No. 14-0838, 2014 WL 12786901, at *1 n.1 (D. N.M. Oct. 23, 2014) ("The Federal Rules of Civil Procedure dictate the Court's construction of Plaintiff's Bill in Equity as a complaint.").

#: 2. She asks the Court to review "her administrative process and remedy," "execute the law of the contract," and order Defendant to pay her $39,006.17. *Id*. at PageID #: 3.

Among the attachments to the "Bill in Equity" is a self-drafted "Notice of Acceptance" purporting to close and settle a loan of Defendant to Plaintiff for $3,000. DN 1-3, PageID #: 10. Plaintiff also attaches a document titled "UCC Financing Statement Amendment" and one titled "Notice and Affect of Failure to Respond," another self-drafted document that Plaintiff purportedly sent to Defendant. DN 1-4, PageID #: 16-17. It provides that if Defendant fails to respond within three days Defendant would purportedly be deemed to agree that it has no outstanding claim against Plaintiff. *Id*. at PageID #: 16. Plaintiff also attaches a "Certificate of Non-Response," which purports to show that Defendant failed to respond and that, therefore, Defendant owes her $3,000. DN 1-5, PageID #: 19-20.

Next, Plaintiff files a "Partial Amendment: Additional Documentation," with additional exhibits attached (DN 9). The Court considers this document (DN 9) to be a request that the attachments be considered an amendment to the complaint. The Court **GRANTS** that request. *See* Fed. R. Civ. P. 15(a)(1)(B).

The attachments include a purported "International Bill of Exchange (UNCITRAL[2] Convention)" payable to Defendant in the amount of $36,006.17.[3] DN 9-1, PageID #: 42. That document identifies Plaintiff as a "Private Banker" located in "Louisville, Kentucky Republic Non-Domestic Without the United States." *Id*. It states that Plaintiff proffers the International

---

[2] The "United Nations Commission on International Trade Law."

[3] It is unclear to the Court why Plaintiff requests $39,006.17 in damages. Plaintiff alleges that Defendant owes her $3,000, for its failure to respond. Her filings allege that $36,006.17 was the amount *she owed* to Defendant and which she allegedly paid with the purported "International Bill of Exchange."

2

Bill of Exchange "[p]resented by prearrangement with the Department of Treasury for setoff of Public obligations" to Defendant as legal tender for all debts, public charges, taxes, and dues. *Id*.

Along with her "Bill of Equity," Plaintiff filed a motion for summary judgment (DN 3). The summary-judgment motion cites the Uniform Commercial Code (UCC) as well as Ky. Rev. Stat. § 355.3-503 ("Notice of dishonor") and § 355.3-307 ("Notice of breach of fiduciary duty"), which are both part of Kentucky's codification of the UCC. *See* Ky. Rev. Stat. § 355.1-101.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore*, 114 F.3d at 608-09. A case must be dismissed if it is "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" *Newell v. Foley*, No. 22-3912, 2023 WL 7286996, at *1 (6th Cir. June 8, 2023) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In bringing suit, plaintiffs bear the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Typically, a plaintiff establishes a federal court's subject-matter jurisdiction by demonstrating that a right created by the Constitution, laws, or treaties of the United States is an essential element of the claim, so that federal-question jurisdiction exists under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy exceeds $75,000, so that diversity jurisdiction exists under 28 U.S.C. § 1332. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." That is the case, here.

First, Plaintiff's assertion that *she* has granted this Court jurisdiction over this case is meritless. Plaintiff has no authority to "grant" a federal court jurisdiction it wouldn't otherwise have. The Constitution assigns that authority to Congress. *See Kokkonen*, 511 U.S. at 377.

Further, diversity jurisdiction doesn't exist here. Even assuming that Plaintiff and Defendant are diverse, Plaintiff alleges an amount in controversy of less than $75,000. *See, e.g., Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1019 n.2 (6th Cir. 2018) ("The Plaintiffs allege that the amount in controversy exceeds only $25,000, and therefore, the Plaintiffs fail to overcome the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).") (internal citation omitted).

Finally, the Court doesn't have federal-question jurisdiction. Plaintiff points to no federal constitutional, statutory, or treaty provision conferring jurisdiction in this case. She characterizes this litigation as concerning a state-law breach-of-contract claim, citing Kentucky's codification of the UCC. State law doesn't confer federal-question jurisdiction; nor does the UCC. *See, e.g., Stokes v. Credit One Bank, N.A.*, No. 2:18cv51, 2019 WL 3183579, at *6 (M.D. Ala. June 18, 2019) (UCC isn't federal law), *report and recommendation adopted*, 2019 WL 3162433 (M.D.

Ala. July 15, 2019); *see also Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004) (same).

Similarly, the UNCITRAL Convention, which the Plaintiff cites in the putative "International Bill of Exchange," doesn't provide a federal cause of action because (aside from other potential concerns) it hasn't been ratified by the United States. *See, e.g.*, *Meier v. US Bancorp*, No. 18-cv-03917, 2019 WL 1865922, at *3 (N.D. Cal. Apr. 25, 2019).[4]

Plaintiff's filings appear to advance the "vapor money" theory that "derives from the sovereign citizen movement." *Price v. Lakeview Loan Servicing, LLC*, No. 2:19-cv-655, 2021 WL 1610097, at *3 (M.D. Fla. Apr. 26, 2021). "The essence of the 'vapor money' theory is that the promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Id.* at *4 (quoting *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010) (citation omitted)); *see also Chopin v. Green Tree Servicing, LLC*, No. CV 15-1918, 2016 WL 1244515, at *2 (E.D. La. Mar. 30, 2016) ("[C]ourts throughout the country have held that [international promissory notes] are not legal tender, rejecting conspiracy theories that similarly argue . . . bills of exchange may discharge a mortgage or other debts.").

Courts have repeatedly rejected, as frivolous, sovereign-citizen arguments such as this one. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts . . . have summarily rejected [sovereign citizens'] legal theories as frivolous."); *McCormack v. Hollenbach*, No. 3:18-cv-P617, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources.") (internal quotation marks and citation omitted). "Claims based on 'sovereign citizen' theories may be

---

[4] *See also* https://uncitral.un.org/en/texts/payments/conventions/bills_of_exchange/status (last visited 11/20/24).

dismissed without 'extended argument' as patently frivolous." *Adkins v. Kentucky*, No. 3:18-MC-26, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018) (quoting *United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999)); *McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (7th Cir. 2015) (affirming dismissal of complaint bearing hallmarks of the "sovereign citizen" movement where plaintiff sued his lender because it would not honor a "bill of exchange" in which plaintiff allegedly made the U.S. Treasury responsible for his debt).

### III. CONCLUSION

For the foregoing reasons, the Court dismisses this case for lack of jurisdiction by separate Order.

Date: December 12, 2024

Benjamin Beaton, District Judge
United States District Court

cc:　　Plaintiff, *pro se*
B213.009